## In re THE TJX COMPANIES, INC., CUSTOMER DATA SECURITY BREACH LITIGATION

*Jo Wood, et al. v. TJX, Inc., et al.,* N.D. Alabama, C.A. No. 2:07-147

*In re TJX Companies Retail Security Breach Litigation,* D. Massachusetts, C.A. No. 1:07-10162

*AmeriFirst Bank v. The TJX Companies, Inc., et al.,* D. Massachusetts, C.A. No. 1:07-10169

*Julie Buckley, et al. v. The TJX Companies, Inc.,* D. Massachusetts, C.A. No. 1:07-10209

*Thomas J. Gaydos v. The TJX Companies, Inc., et al.,* D. Massachusetts, C.A. No. 1:07-10217

*Patricia Miranda, et al. v. TJX, Inc., et al.,* D. Puerto Rico, C.A. No. 3:07-1075

No. 1838.

Judicial Panel on Multidistrict Litigation.

June 28, 2007.

Before WM. TERRELL HODGES, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr.,* KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of six actions, four actions in the District of Massachusetts and one action each in the Northern District of Alabama and the District of Puerto Rico. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in one Massachusetts action seeking coordinated or consolidated pretrial proceedings of these actions in the District of Massachusetts.[1] Defendants

---

* Judge Miller did not participate in the decision of this matter.

1. An additional action—*Angie Lemley v. TJX, Inc., et al.,* C.D. California, C.A. No. 2:07–1017—was included on the initial Section 1407 motion. The Panel has been notified that this action has been remanded to state court. Accordingly, the question of inclusion of this action in MDL–1838 proceedings is moot.

The Panel also has been notified that 21 potentially related actions have been filed as follows: six actions in the District of Massachusetts; three actions in the Central District

of California; two actions in the Northern District of Illinois; and one action each in the Southern District of California, the Middle District of Florida, the Northern District of Florida, the Southern District of Georgia, the Eastern District of Louisiana, the Western District of Michigan, the Eastern District of Missouri, the Western District of Missouri, the Southern District of Ohio, and the Eastern District of Texas. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

The TJX Companies, Inc. (TJX), Fifth Third Bancorp, and Fifth Third Bank do not oppose the motion. Responding plaintiffs in the actions now before the Panel agree that centralization is appropriate in the District of Massachusetts, although plaintiff in the potentially related action pending in the Western District of Michigan suggests selection of the Western District of Michigan as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual allegations concerning an electronic intrusion into TJX's computer system. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

The Panel is persuaded that the District of Massachusetts is an appropriate transferee forum for this litigation, because (i) the consensus of the parties favors or does not oppose centralization there, (ii) many actions are already pending there, and (iii) TJX is headquartered in Massachusetts and documents and witnesses will likely be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable William G. Young for coordinated or consolidated pretrial proceedings with the actions pending there.